No. 6087.

## STATE EX REL. F. J. NOULLET vs. CITY OF NEW ORLEANS.

### Syllabus.

Mandamus will not lie to compel the City of New Orleans to budget for the unpaid claims of previous years.

Appeal from the Civil District Court for the Parish of Orleans, Division "D,' 'No. 106,623. Hon. Porter Parker, Judge.

Lyle Saxon, for plaintiff and appellant.

A. M. Buchmann, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Relator is the assignee of the claims referred to in the following ordinance adopted June 6, 1905.

"Be it ordained by the Council of the City of New Orleans, that the comptroller be and he is hereby directed to warrant on the Treasurer, in favor of R. G. Memory in the sum of $1815.00, said amount being one per cent of the appraised value of the sugar sheds, and being paid him for fee as appraiser; and the Treasurer is hereby authorized to pay same out of the proceeds of Sugar Sheds B. & E."

The proceeds of the sugar sheds above referred to not having become available, he asks the Court "to decree that the Commission Council pass an ordinance directing the Commissioner of Public Finance to list said claims and pay the same out of the first availabde funds in hand."

As we see the matter plaintiff is nothing more than an ordinary creditor of the city, having an acknowledged

account; and we know of no law which makes it the ministerial duty of the city to provide for the payment of such claims.

On the contrary "by Act No. 5 of 1870, creditors of the City of New Orleans are denied all remedy for the enforcement of their moneyed judgments except that provided for in the Act itself."

**Benedict vs. City, 111 La., 374.**

And we cannot conceive how the holder of a claim **not yet reduced to judgment** can be in any better position.

Acts 32 of 1902 and 128 of 1910, have no particular application. If applicable at all they seem to forbid the very thing which relator now seeks to have done. For it is only the excess of revenues over the charges for the current year that may be applied to the unpaid claims of previous years (see Sec. 2).

Judgment affirmed.

Opinion and decree, May 18th, 1914.